**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK BURNSIDE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-2161** |
| | : | |
| **WELL-PATH, LLP, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this13th day of May 2026, upon consideration of the Motions to Dismiss filed by Defendants Dr. Anthony Letizio and Britney Huner, (ECF Nos. 28, 29, 30), and Plaintiff Derrick Burnside's Response thereto (ECF No. 32), it is **ORDERED** that:

1.    The Clerk of Court is **DIRECTED** to **AMEND** the docket to reflect the proper spelling of the Defendants' names:

   a.  Dr. Anthony Letizio

   b.  Britney Huner

2.    The Motions to Dismiss are **GRANTED** for the reasons stated in the Court's accompanying Memorandum, as follows:

   a.  Burnside's claims against Defendants Letizio and Huner in their individual capacities for deliberate indifference to his medical needs in violation of the Eighth Amendment are **DISMISSED WITHOUT PREJUDICE**;

   b.  To the extent that Burnside brings any claims under state law, they are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

   c.  Burnside's claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

3.      Mr. Burnside may file an amended complaint within forty-five (45) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Burnside's claims against each defendant.  **The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.**  When drafting his amended complaint, Burnside should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.

4.      The Clerk of Court is **DIRECTED** to send Burnside a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Burnside may use this form to file his amended complaint if he chooses to do so.

5.      If Mr. Burnside does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court

2

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.      If Mr. Burnside fails to file any response to this Order, the Court will conclude that Burnside intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**


**/s/ Gerald Austin McHugh**
**GERALD A. MCHUGH, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).